UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

|  |  |  |
|---|---|---|
| GEORGE DIETRICH, | \| | Case No. 1:09-cv-68 |
| Plaintiff, | \| | HONORABLE PAUL MALONEY |
| v. | \| |  |
| UNITED STATES OF AMERICA, | \| |  |
| Defendant. | \| |  |

---

**OPINION and ORDER**

**Granting the Unopposed Motion to Dismiss for Failure to Exhaust Administrative Remedies**

This is purportedly an action under the Federal Employment Compensation Act, 5 U.S.C. § 8101 *et seq.* ("FECA"),[1] with a pendent state common-law claim for wrongful discharge in violation of public policy, *see* Complaint filed January 26, 2009 ("Comp") ¶ 1, so the court has federal-question jurisdiction under 28 U.S.C. § 1332. It is undisputed that George Dietrich

---

[1]

FECA provides compensation for federal employees who suffer work-related injuries. "Under this scheme, an employee with a job-related injury is entitled to compensation regardless of his or her ability to work . . . ." *Ensley-Gaines v. Runyon*, 100 F.3d 1220, 1222 (6th Cir. 2006).

*See, e.g., Hall v. USPS*, 857 F.2d 1073, 1075 (6th Cir. 1988) ("On June 11, 1973, while [Hall was] in the course of delivering mail, an automobile went out of control and struck Hall, causing injury to her right hip, foot and back. As a result of this on-the-job injury, Hall received Workers' Compensation benefits under the . . . FECA . . . She continued to receive this compensation until June 1982, when it was determined that she was no longer disabled."); *Thompson v. Potter*, 2006 WL 783395, *2 (S.D. Ohio Mar. 27, 2006) ("While Thompson's workers compensation claim was pending, pursuant to . . . FECA . . . the Postal Service was obliged to provide Thompson with forty hours pay per week, regardless of the fact that he was unable to complete all of his assigned tasks.").

("Dietrich") began working as a letter carrier for the defendant's United States Postal Service ("USPS") in 1985, earned a promotion to supervisor, sustained work-related injuries to his knee in November 2006 and ankle in February 2007, had surgery for both injuries, and filed a workers-compensation claim.  *See* Comp ¶¶ 8-9, 11-13 and 16-17.  Dietrich claims that he "was retaliated against in the terms and conditions of employ and was terminated constructively or actually, and denied rights and abilities to return to work" and that the USPS "harassed" him "in his day to day duties and over his claims and rights" in violation of title 5 U.S.C. § 8102.  *See* Comp ¶¶ 13-14 and 18.

The USPS moves to dismiss pursuant to FED. R. CIV. P. 12(b)(1) (lack of subject-matter jurisdiction) and for failure to state a claim on which relief can be granted, and Dietrich has not filed an opposition brief despite an extension of time in which to do so.[2]  For the reasons that follow, the court finds it doubtful that Dietrich's claims actually arise under the FECA (in which case this court

---

[2]

The USPS filed its motion to dismiss on March 31, 2009.  By joint stipulation of the parties (filed on April 3, 2009 and entered by the court as an order on May 4, 2009), Dietrich's opposition brief deadline was extended to Sunday, May 31, 2009.  That deadline elapsed several days ago, and Dietrich did not move for a further extension of time.

"There is authority that 'if a plaintiff fails to respond [to] or otherwise to oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.'"  *Malik v. AT&T Mobility, LLC*, 2009 WL 198710, *7 (W.D. Mich. Jan. 23, 2009) (Maloney, C.J.) (quoting *Humphrey v. USAG*, 279 F. App'x 328, 331 (6th Cir. 2008) (Kennedy, Batchelder, <u>Griffin</u>) (citing *Scott v. State of Tennessee*, 1989 WL 72470, *2 (6th Cir. July 3, 1989)).  *Cf. Castleberry v. Neumann Law, P.C.*, 2008 WL 5744179, *5 (W.D. Mich. July 9, 2008) (Maloney, J.) ("This court is not obligated to consider the plaintiff's untimely opposition to the motion to dismiss.  Rules are rules and the parties must play by them.  Consequently, this court deems defendant's motion to dismiss as unopposed.") (quoting *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990) and collecting cases).

Nonetheless, "the court proceeds to consider the merits of [the defendant's unopposed] motion, and the outcome is the same."  *Malik*, 2009 WL 198710 at *7.

would lack jurisdiction and dismiss the complaint *with* prejudice).  Instead, the court will dismiss the complaint without prejudice for lack of subject-matter jurisdiction, i.e., failure to exhaust administrative remedies under FECA or under any other federal employment-discrimination/retaliation statute.

**DISCUSSION: No Judicial Review of FECA Decision, and No Jurisdiction over Unexhausted Claims Purporting to Arise under Other Federal Statutes**

To the extent that Dietrich's claims are subject to FECA, the Act bars this court from exercising subject-matter jurisdiction because FECA determinations are not subject to judicial review, with or without exhaustion of administrative remedies.  The FECA is the exclusive remedy against a federal government employer for an injury within its coverage.  *Batuyong v. Sec'y of Dep't of Defense*, 2008 WL 323154, *9 (N.D. Ohio Feb. 4, 2008) (holding that FECA preempted a claim for intentional infliction of emotional distress, regardless of whether it was asserted under the FTCA or state common law) (citing 5 U.S.C. § 8116(c) and *Lockheed Aircraft Corp. v. US*, 460 U.S. 190 (1983)); *see also Figueroa v. USPS*, 422 F. Supp.2d 866, (N.D. Ohio 2006) (Polster, J.) (FECA preempted claims related to alleged slip-and-fall which occurred in Post Office parking lot) (citing 5 U.S.C. §§ 8102(a) and 8116(c) and *Saltsman v. US*, 787 F.2d 787, 789 (6th Cir. 1987)).  As our Circuit has explained,

> In enacting this provision, Congress adopted the principal compromise – the *'quid pro quo'* – commonly found in workers compensation legislation: employees are guaranteed immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the government.

*Saltsman v. US*, 104 F.3d 787, 789 (6th Cir. 1997) (citing *Lockheed Aircraft Corp. v. US*, 460 U.S. 190, 193-94 (1983)); *see, e.g., Turner v. TVA*, 859 F.2d 412 (6th Cir. 1988) (FECA preempted Jones Act claim by spouse of drowned postal employee); *Pritchett v. Johnson*, 402 F. Supp.2d 808 (E.D.

-3-

Mich. 2005) (David Lawson, J.) (FECA preempted negligence claims).

In any event, Dietrich has not alleged facts sufficient to find that he exhausted his administrative remedies for a FECA claim, which would deprive this court of jurisdiction if his claim truly does arise under the FECA. *See Duch v. Potter*, 2007 WL 2261400, *3 (E.D. Mich. Aug. 6, 2007) (Sean Cox, J.) ("If Duch had brought a claim under the FECA statute, she would have been required to exhaust her administrative remedies by pursuing an appeal with the MSPB [Merit Systems Protection Board]."); *Al-Beshrawi v. Chao*, 2007 WL 1203561, *2 (N.D. Ohio Apr. 23, 2007) (Sara Lioi, J.) (noting that in an earlier decision, "the Court determined that plaintiff's claim under the . . . FECA . . . was not reviewable because plaintiff had not exhausted his administrative remedies").[3]

**Finally, to the extent that Dietrich's claims are not subject to FECA but rather were intended to invoke Title VII, the Federal Tort Claims Act ("FTCA"), or some other federal statute, the FECA's absolute bar on judicial review would not apply.  Dietrich's federal-law claims would still be subject to dismissal without prejudice, however, for failure to establish exhaustion of the administrative remedies required for claims under those other statutes.[4]  For**

---

[3]

*Accord Gate v. Runyon*, No. 94-15771, 79 F.3d 1153, 1996 WL 118540, *1 (9th Cir. Mar. 18, 1996) ("[T]he district court lacked jurisdiction to consider Gates' . . . FECA . . . claim.") (citing *Staacke v. US Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988) ("Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in [FECA] matters."));

*Guidry v. Durkin*, 834 F.2d 1465, 1472 n.8 (9th Cir. 1987) ("[W]e note that section 8105 of the FECA requires that any claim presented under this statute must first be brought before the Department of Labor on a form prescribed by the Secretary of Labor and filed in accordance with that provision.  There is nothing in this record to indicate that Guidry had exhausted his administrative remedies under the FECA prior to the filing of the instant action.")

[4]

On this record, this outcome would not change if Dietrich sought to reinstate the case and

-4-

example, the FTCA provides, in pertinent part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. * * *

28 U.S.C. § 2675(a).  Similarly, if Dietrich's complaint were construed to assert a claim under Title

VII of the Civil Rights Act of 1964, as amended,

> Administrative exhaustion requirements for federal employees include: consultation with an EEO counselor within 45 days of the allegedly discriminatory [or retaliatory] incident, 29 C.F.R. § 1614.105(a)(1); filing an individual complaint of discrimination with the allegedly discriminatory [or retaliatory] agency, 29 C.F.R. § 1614.106(a); and receipt of a final agency decision, 29 C.F.R. § 1614.110(a).  The employee may file a discretionary appeal of an agency's final action to the Equal Employment Opportunity Commission ("EEOC") within thirty days of final agency action.  29 C.F.R. § 1614.402(a).  Within ninety days of receiving notice of the final agency action or the EEOC decision, or within 180 days of filing the initial complaint with the agency or the appeal with the EEOC, the employee can file civil suit in a U.S. District Court.  29 C.F.R. § 1614.407(a)-(d).

---

file an amended complaint (or if he filed a new civil action) that invoked the FTCA, Title VII, or the Rehabilitation Act instead of or in addition to the FECA.  *See Switzer v. Runyon*, 1998 WL 70606, *3 (N.D. Ill. Feb. 11, 1998) ("The court need not decide whether Switzer's proposed FTCA claim would be preempted by FECA.  Under the FTCA, Switzer cannot bring an action against the United States until she presents her claim to the appropriate federal agency for decision.  *See* 28 U.S.C. § 2675(a).  * * *  Without any showing that Switzer exhausted her administrative remedies as to her proposed FTCA claim, an amendment would be futile.").

*See also generally Marr v. Foy*, 2008 WL 5111849, *5 (W.D. Mich. Dec. 3, 2008) (Maloney, C.J.) ("'A motion to amend is futile if it would not withstand a Rule 12(b)(6) motion to dismiss.'") (quoting *Bergmoser v. Smart Document Solutions, LLC*, 268 F. App'x 392, 396 (6th Cir. 2008) (Ryan, Batchelder, Griffin) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000))); *see, e.g., Siddock v. Grand Trunk Western R.R., Inc.*, 556 F. Supp.2d 731, 739 (W.D. Mich. 2008) (Maloney, J.) ("Plaintiff's request for leave to file an amended complaint is denied for lack of particularity and for futility.  * * *  Plaintiff has not supplied any indication [that] the conduct giving rise to his injury would fall into one of the enumerated exceptions to the rule.").

*Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (Moore, Griffin, S.D. Ohio D.J. James Graham).  The Rehabilitation Act of 1973 imposes similar administrative-exhaustion requirements. *See, e.g., Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004).

A sister court aptly illustrated the application of both FECA's exclusive-remedy provision and the administrative-exhaustion requirements applicable to claims under *other* federal statutes governing the workplace or the employment relationship:

> To the extent that Menchaca's injuries arise from the work-related injury for which he received compensation, his exclusive remedy is under FECA; the district court correctly found Menchaca barred from bringing FTCA claims based upon those injuries.  Any claims under the FTCA also could be dismissed for failure to exhaust administrative remedies.  Menchaca's claims under Title VII and the Rehabilitation Act suffer the same defect – failure to exhaust administrative remedies.

*Menchaca v. Frank*, No. 92-5613, 993 F.2d 1544, 1993 WL 185783, *1 (5th Cir. May 25, 1993) (footnotes 9-12 omitted).  The Federal Circuit encounter a similar situation in *Domby v. US*, No. 88-1161, 947 F.2d 842, 1988 WL 34086 (Fed. Cir. Apr. 19, 1988), stating,

> In light of Domby's failure to exhaust administrative remedies and the FECA's proscription against judicial review, we must affirm . . . .  Although Domby's claim may arguably sound in tort, he has not convinced us that the interest of justice requires us to transfer this case . . . .  Under the . . . FTCA . . . Domby had to file an administrative tort claim within two years from the date that the claim accrued.  As the record does not show he did this, the FTCA claim appears to be time-barred.

*Domby*, 1988 WL 34086 at *1-2.  *See also Valencia v. Dep't of the Interior*, 2008 WL 4495694, *2 (M.D. Ala. Oct. 7, 2008) ("Though courts usually hold claims in abeyance when there is a substantial question as to whether FECA covers them, because Valencia's claims would otherwise be FTCA claims – and because she has failed to exhaust her administrative remedies to establish jurisdiction over her FTCA claims – dismissal of the FECA-related claims is appropriate."); *Connor v. USDOL*, 2007 WL 1002119, *5 (E.D. Pa. Mar. 30, 2007) ("Because FECA prohibits judicial

review of [DOL] workers' compensation decisions, Mr. Connor's claims for compensation against the [DOL] are dismissed with prejudice pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.  To the extent Mr. Connor seeks to bring any claims for damages sounding in tort, those claims are dismissed without prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction due to [his] failure to exhaust administrative remedies.").[5]  Accordingly, even if Dietrich's claims are construed as claims under Title VII and/or the FTCA and/or the Rehabilitation Act, they must be dismissed because he has failed to allege, let alone demonstrate, that he exhausted the administrative remedies required for claims under any of those statutes.

This disposition obviates the need to consider the USPS's alternative contention that the complaint should be dismissed because Dietrich has not shown that the federal government has waived its sovereign immunity with regard to FECA retaliation claims.  *See* MTD at 3-4.

## ORDER

Defendants' motion to dismiss the complaint [document # 4] is **GRANTED**.

Pursuant to FED. R. CIV. P. 12(b)(1), the complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

---

[5]

*See also Widjaja v. Nicholson*, 2006 WL 2871634, *9 (D. Colo. Oct. 4, 2006) ("a lawsuit could be brought by the employee under either statutory scheme (FTCA or FECA) depending on the government's role in creating the harm.  * * *  In any event, Plaintiff failed to exhaust any administrative remedies for a claim under either statute.") (internal citations omitted);

*Volpini v. Resolution Trust Corp.*, 1997 WL 476347, *4 (E.D. Pa. Aug. 19, 1997) ("In counts I and II . . . , Plaintiff seeks damages for intentional and negligent infliction of emotional distress. These claims are for injuries allegedly sustained while he was acting in the scope of his federal employment.  Plaintiff's exclusive remedies, if any, are provided by the . . . FECA . . . .  * * *  Even if FECA w[ere] not the exclusive remedy for Plaintiff to pursue his tort claims, this Court would still lack subject matter jurisdiction over those claims because he failed to comply with the strict administrative exhaustion requirements of the . . . FTCA . . . .").

This is a final order.

**IT IS SO ORDERED** on this  4th  day of June 2009.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge